UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

NICHOLAS TERRELL MAGAHEE )
)
v. ) Case No. 1:18-cv-162-TRM-CHS
)
CARTA )

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiff Nicholas Terrell MaGahee, *pro se*, has filed an application to proceed *in forma pauperis* [Doc. 1]. Because I conclude his complaint does not state a claim for which relief can be granted, I **RECOMMEND** this action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

Under 28 U.S.C. § 1915(e)(2), the Court is responsible for screening all actions filed by plaintiffs – including non-prisoners seeking *in forma pauperis* status – and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) and *La Fountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *Smith v. Lindamood*, Case No. 1:16-cv-86, 2017 WL 444830, at *2 (M.D. Tenn. Feb. 2, 2017); *Johns v. Maxey*, Case No. 2:07-cv-238, 2008 WL 4442467, at *1 (E.D. Tenn. Sept. 25, 2008) (Greer, J.).

### II. Facts

Plaintiff Nicholas Terrell MaGahee alleges "[a]icciende [sic] while on bus –rush to hospital moments later," and he suffered pain in his chest and legs [Doc. 1, Complaint at 1-2,

Page ID # 11-12]. He provides no further information about this accident. The Court takes judicial notice that CARTA is the Chattanooga Area Regional Transportation Authority.

### III. Discussion

#### A. Standard of Review

The standard required by § 1915(e)(2) to properly state a claim for which relief can be granted is the same standard required by Fed. R. Civ. P. 12(b)(6). *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008); *accord Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). In determining whether a party has set forth a claim in his complaint for which relief can be granted, all well-pleaded factual allegations contained in the complaint must be accepted as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)*, Bell Atlantic Corp. v. Twombly,* 550 U.S 544, 555 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 569-70.) Further, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, *Wyson Corp. v. APN, Inc.*, 889 F.3d 267, 270 (6th Cir. 2018) ("The question is whether [plaintiff's] complaint[] contain[s] factual allegations that, when accepted as true, set out plausible claims for relief.") This requirement simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Analysis

Plaintiff alleges he had an accident on a CARTA bus which caused him pain in his chest and legs. These allegations are not sufficient to state a claim against CARTA. There are no allegations of negligence or wrongdoing on the part of CARTA which caused Plaintiff's injuries. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995) (a negligence claim under Tennessee law requires, among other elements, conduct below the applicable standard of care which caused the injury or loss at issue).

Even if Plaintiff had alleged that CARTA was negligent and such negligence caused him harm, the claim would not be actionable in federal Court because this Court lacks subject matter jurisdiction. The Court has a duty to determine whether it has subject matter jurisdiction to adjudicate an action. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998) ("[I]t is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists.") The party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

To establish original jurisdiction through diversity of citizenship, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. 28 U.S.C. § 1332(a). Federal diversity jurisdiction requires complete diversity – no defendant may be a citizen of the same state as any plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Gray v. Bush*, 628 F.3d 779, 783 (6th Cir. 2010).

In the instant case, there is no allegation in the complaint reflecting that damages exceed $75,000. Further, the complaint fails to establish that the Plaintiff and Defendant are citizens of

different states. Thus, the complaint fails to establish diversity of citizenship that would confer subject matter jurisdiction in federal court.

Alternatively, to establish jurisdiction on the basis of a federal question, the action must arise under "the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is nothing in the complaint to indicate that this action arises under "the Constitution, laws, or treaties of the United States." Rather, it appears Plaintiff is attempting to bring this action against CARTA under the Tennessee common law cause of action of negligence. Thus, the complaint also fails to establish subject matter jurisdiction on the basis of a federal question.

"[F]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."). The complaint does not contain the requisite jurisdictional statement setting forth the basis on which this Court has subject matter jurisdiction in this case.

**IV. Conclusion**

For the reasons stated herein, it is **RECOMMENDED** that this action be **DISMISSED** and that the application for *in forma pauperis* status be **DENIED** as moot.

**ENTER.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE