# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| NICHOLAS TERRELL MCGAHEE, | ) | |
| | ) | Case No. 1:18-cv-162 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| CARTA, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER

On July 19, 2018, Plaintiff filed this *pro se* action as well as an application to proceed *in forma pauperis* (Docs. 2, 1). On August 8, 2018, United States Magistrate Judge Christopher H. Steger issued a report and recommendation, recommending the Court dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim because Plaintiff did not allege sufficient facts in his complaint to make out a legally cognizable claim against Defendants. (Doc. 7.) Plaintiff filed a supplement to his complaint (Doc. 8) on August 8, 2018. On August 10, 2018, Magistrate Judge Steger issued an amended report and recommendation (Doc. 9). On August 13, 2018, Plaintiff provided an additional supplement to his complaint (Doc. 10). For the reasons stated hereafter, the Court now **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that the action be **DISMISSED** and the application to proceed *in forma pauperis* be **DENIED** as moot.

I.     **BACKGROUND**

In his report and recommendation, Magistrate Judge Steger detailed the procedural and factual background underlying this matter.  Plaintiff has not objected to Magistrate Judge Steger's recitation of the facts, and the Court finds that the facts set forth in the report and recommendation are accurate.  Accordingly, for the purposes of reviewing Plaintiff's objections to Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts set forth in the report and recommendation.  (Doc. 9.)

II.    **STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1).  This *de novo* review, in turn, requires this court to reexamine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived.  *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004).

III.   **ANALYSIS**

In his complaint, Plaintiff alleges that "[a]icciende [sic] while on bus –rush to hospital moments later," and that he had suffered pain in his chest and legs as a result.  (Doc. 2, at 1–2.)  Plaintiff's first supplement to the complaint consists of medical records related to his

emergency room visit after the collision. (Doc. 8.) Plaintiff's second supplement (Doc. 10) is a copy of a Tennessee Electronic Traffic Crash Report of the collision (the "Crash Report"). Magistrate Judge Steger considered Plaintiff's claim and determined that:

> These allegations are not sufficient to state a claim against CARTA. There are no allegations of negligence or wrongdoing on the part of CARTA which caused Plaintiff's injuries. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995) (a negligence claim under Tennessee law requires, among other elements, conduct below the applicable standard of care which caused the injury or loss at issue).

(Doc. 9, at 1–2.) Magistrate Judge Steger further determined that even if Plaintiff had alleged negligence or wrongdoing, the complaint fails to establish that this court has subject matter jurisdiction on the basis of diversity of citizenship or federal question. (*Id.* at 3–4.)

Although Plaintiff did not label his filing an "objection," the Court will construe the second supplement, the Crash Report (Doc. 10), as an objection to the amended report and recommendation (Doc. 9). Even construed as an objection, the Crash Report does not cure the defect identified by Magistrate Judge Steger: it does not allege any wrongdoing or negligence by a CARTA employee. To the contrary, the Crash Report places the fault for the collision on the driver of "Unit 1," a "personally owned/operated" vehicle. (Doc. 10, at 3.) The Crash Report states that the driver of Unit 1 was "following too close" at "speed too fast for conditions." (*Id.* at 2.) The Crash Report ascribes no improper actions or violations to the CARTA bus driver. (*Id.* at 4.) The Crash Report's narrative section further states:

> Unit 1 was following too close in the rain and was unable to stop before hitting the rear of Unit 2. A passenger in Unit 2 was transported by Medic 11 to Erlanger due to leg pain but no other injuries reported.

(*Id.* at 7).

Accordingly, Plaintiff has failed to state a claim upon which relief can be granted, and his complaint will be **DISMISSED**.

## IV.     CONCLUSION

For the reasons stated herein, the Court hereby **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 9) pursuant to 28 U.S.C. § 636(b)(1), and **ORDERS** that the action be **DISMISSED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**